

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00396-CV

Gloria **MARTINEZ**,
Appellant

v.

Stella **SANDOVAL**, Individually, and Jose Ramos, Individually a/k/a Jose Rocha,
Appellees

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 2014-CV-02209
Honorable H. Paul Canales, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  October 5, 2016

DIMSISSED FOR WANT OF JURISDICTON

Our review of the clerk's record shows appellant filed a notice of appeal in which she contends she is appealing an order signed on May 23, 2016 because the trial court "erroneously granted Defendant's motion for summary judgment."  After reviewing the clerk's record, we have found that on May 23, 2016, the trial court signed an order denying appellant's motion for new trial.  The only order involving a ruling on a summary judgment was signed on April 1, 2016.  That order, however, grants a partial summary judgment in favor of one of the appellees, Stella Sandoval.  The order also states it "does not affect the remaining Defendant[, Jose Ramos,

individually].″ According to the record, appellant originally filed suit against "Stella Sandoval, individually and as next of friend of Jose Ramos, and Jose Ramos, individually." Subsequently the trial court rendered an order, requiring appellant to re-plead the suit as follows: Gloria Martinez v. Stella Sandoval, individually, and Jose Ramos, individually. Nowhere in the clerk's record do we find an order disposing of the suit with regard to Jose Ramos, individually.

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record. *Id.* Because it appears the only order in the record is interlocutory — as it does not dispose of all of the parties — and therefore, not appealable, there is no final judgment in the clerk's record. We have found no authority permitting an interlocutory appeal from a partial summary judgment order in the circumstances presented here. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding appellate courts have jurisdiction to consider interlocutory orders only if statute explicitly provides such jurisdiction).

Based on the foregoing, we ordered appellant to file a written response on or before September 6, 2016 in this court showing cause why this appeal should not be dismissed for want of jurisdiction. We advised that if appellant failed to satisfactorily respond, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). At this time, appellant has not filed a response establishing the existence of a final judgment or appealable interlocutory order.

Accordingly, we hold that at this time, there is no order or judgment from which appellant may prosecute an appeal. We therefore dismiss the appeal for want of jurisdiction.

PER CURIAM